This is an appeal by employer and its insurance carrier from an award of death benefits in favor of the dependent mother, sister and three brothers of the deceased employee, Edward F. Lang. The decedent, a boy of seventeen years of age, was employed in the office of the employer. Another boy of the same age, Lewis Nehemias, was likewise employed. There was a desk located in the hall of the office of the employer’s premises. A receptionist was engaged to cheek other employees as they went to and returned from lunch, and also to act as a guard and interview people who called at the premises. There were two or three loaded revolvers kept by the employer in the drawer of the desk. This drawer was never locked. The guns were to be used by the receptionist if occasion required. It was known to the employees that the loaded revolvers were in this desk. The boys were on duty during the lunch hour. On May 22, 1946, Nehemias was assigned by his superior to relieve the receptionist during the noon hour. The Lang boy and Nehemias were “ fooling around ” with two of the revolvers. The decedent took one gun, removed the cartridges therefrom and pointed it several times at Nehemias. The decedent then replaced the shells and returned the gun to the drawer. Nehemias took the revolver from the drawer and removed all but one cartridge. He pointed the gun at the decedent. The decedent walked down the hall to the elevator and while talking to the porter, Nehemias pulled the trigger and the bullet was discharged striking the decedent in the back, as a result of which he died instantly. The appellants contend that the death of decedent did not *989 arise out of and in the course of his employment, and that the evidence is insufficient to establish that the mother, sister and three brothers were dependent upon him for support. The hoard found that decedent’s death occurred and arose out of and in the course of his employment, and that the evidence was sufficient to establish dependency. The proof sustains the findings of the board. Award affirmed, with costs to the Workmen’s Compensation Board. All concur. [See post, p. 1082.]